## CIRCUIT COURT OF THE CITY OF ROANOKE

Great American
Vacations, Inc.

v.

City of Roanoke

April 12, 1999

Case No. CL97-311

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff, a charter bus company, filed its application to correct an assessment by the City of Roanoke for business license, decal, and personal property taxes. In a Motion for Summary Judgment, it claims statutory exemption from such taxation by virtue of the fact that it is a public service corporation and by virtue of the fact that it is a certified motor carrier over regular routes. The Defendant City denies that Plaintiff is a public service corporation or that it operates over regular routes. The Court finds that the conclusions reached by the City are accurate.

### License Tax

A public service company is required by statute to state in its articles of incorporation that it intends to conduct a public service business. It must describe its public service business in those articles, "[o]therwise the corporation shall not have the power to conduct a public service business or to exercise any of the privileges of a public service company." § 13.1-620, Code of Virginia (1950), as amended. Plaintiff's articles of incorporation do not set forth the requisite language to comply with the dictates of § 13.1-620, and therefore, it is not a public service company. It is a private corporation, free from the governmental controls that confront public service corporations.

It does not perform any quasi-governmental function for the benefit of the public. It does not have the power of eminent domain, as given to all public service companies by the provisions of § 56-49. It does not have the privilege of being exempt from local license taxes as set forth in § 58.1-3703(C)(1).

## Personal Property Tax

Plaintiff claims exemption from the City of Roanoke decal and personal property tax, arguing that it is a certified motor vehicle carrier and that § 58.1-2658 provides that "no local property taxes shall be imposed upon the rolling stock of a certified motor vehicle carrier." A certified motor vehicle carrier is defined in § 58.1-2600 as "a common carrier by motor vehicle ... operating over regular routes under a certificate of public convenience and necessity ... ." This definition does not fit Plaintiff's operations. Plaintiff does not operate over regular routes. Instead, it operates a charter bus service going to a variety of destinations. The fact that it frequently carries charter parties to the same or similar destinations with some regularity is not sufficient to constitute a "regular route" as contemplated by statute. Regular routes within the context of § 58.1-2600 are regularly scheduled and fixed routes, which are open to and for the convenience of the general public. Plaintiff does not qualify for the tax exemption contained in § 58.1-2658.

For similar conclusions using slightly different reasoning, see the February 3, 1995, opinion letter of the Attorney General to the Commissioner of Revenue for the City of Roanoke in *1995 Va. Rep. Atty. Gen.* 278. See also the Attorney General opinions dated March 18, 1997, and March 31, 1997, addressed again to the Commissioner of Revenue for the City of Roanoke and filed in this case.